[Civ. No. 1746.   Second Appellate District.—July 23, 1915.]

## AMY L. BANNISTER et al., Respondents, v. H. JEVNE COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—PERSONAL INJURIES—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—In an action for damages for personal injuries received from being struck down by a motor truck on a public street immediately after alighting from a street-car, an implied finding that the driver of the truck was negligent in the operation thereof is sufficiently supported, where it not only appears that such driver failed, as required by municipal ordinance, to stop his truck at a

time when the street-car had stopped for the purpose of discharging passengers and when, by reason of the presence of another motor vehicle at the place where the car was stopping, it was not possible for the truck to pass between the street-car and the other vehicle without coming within less than four feet from the running board of the car where the plaintiff had just alighted, but that such driver approached the place of the accident at a speed, which by the testimony, the jury was authorized to believe was as great as twelve miles per hour.

ID.—DAMAGES NOT EXCESSIVE.—In such an action a verdict in the sum of three thousand five hundred dollars is not excessive, where the physical injuries received included a severe contusion over the lower lobe of the right lung followed by pain in that region for about three weeks, when pneumonia set in and there followed a severe illness from that disease.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, for Appellant.

J. B. McLaughlin, for Respondents.

CONREY, P. J.—The defendant appeals from the judgment and from an order denying its motion for a new trial.

The action is one wherein the plaintiffs have demanded judgment against the defendant for damages incident to injuries received by the plaintiff Amy L. Bannister on the twenty-ninth day of January, 1912, when she was struck down by a motor truck of the defendant on Broadway Street in the city of Los Angeles at the south side of the intersection of Broadway with Fourth Street. The accident occurred immediately after Mrs. Bannister (hereinafter called the plaintiff) had alighted from a northbound street-car on Broadway at said intersection; and it is charged that the collision of said motor truck with the plaintiff and the consequent injuries were caused by the carelessness and negligence of the defendant in the operation of the truck. Judgment was entered in the sum of three thousand five hundred dollars pursuant to verdict in favor of the plaintiffs.

The grounds of appeal urged by counsel for appellant are that there was no negligence on the part of the appellant; that pneumonia contracted by the plaintiff three weeks after the date of the accident is too remote to constitute an element of damages herein; that the court erred in three of its rulings on evidence; and that the court erred in refusing to give two of appellant's requested instructions.

We will not enter into any discussion of the rulings on evidence or of the refusal to give said instructions. The former are of such minor importance that they could not constitute a ground of reversal, even if appellant's points were well taken, and the propositions contained in said requested instructions were fully and correctly covered by other instructions which were given by the court.

There was evidence sufficient to support the jury's implied finding that appellant's driver was negligent in the operation of the truck. This appears in at least two ways: 1. It is shown that the driver failed to stop his automobile at a time when the street-car had stopped for the purpose of discharging passengers and when, by reason of the presence of another automobile at the place where the car was stopping, it was not possible for appellant's truck to pass between the street-car and the other automobile without coming within less than four feet from the running-board of the car where the plaintiff had just alighted; and that the collision of the truck with the plaintiff was the result of this conduct of the truck driver, which was in direct violation of the terms of an ordinance of the city of Los Angeles, which ordinance was in evidence at the trial; 2. The evidence of the circumstances existing and surrounding the place of the accident at the moment thereof and immediately preceding its occurrence, taken together with testimony that appellant's truck approached the place above mentioned at a speed which by the testimony the jury was authorized to believe was as great as twelve miles per hour, was sufficient to warrant the jury in finding that the defendant was guilty of negligence proximately causing said accident, even without taking into consideration its violation of said ordinance.

The evidence as to the extent of plaintiff's injuries and the consequent pain and illness suffered by her included evidence that just three weeks after the date of the accident the plaintiff was found to be suffering from pneumonia and

there followed a severe illness from that disease. There was testimony showing that the physical injuries received by plaintiff at the time of the accident included a severe contusion over the lower lobe of the right lung and that she suffered pain in that region during the time from January 29th to the 18th of February, when the physicians decided that she was suffering from pneumonia and found, among other symptoms, consolidation of the lower lobe of the right lung. One of her physicians testified that, in his opinion, this disease was occasioned by reason of this accident and was a part of the impairment of her health consequent upon the accident. The other physician who treated the plaintiff did not testify, but it was shown that he was absent from the state at the time of the trial. Expert evidence was produced on the part of appellant tending to show that under the circumstances shown by the evidence in the case a physician could not trace the cause of the pneumonia to any direct source. Under these circumstances we are not authorized to say that there was no evidence from which the jury might lawfully include the pneumonia and its incidental suffering and results upon the plaintiff's health as a part of the injuries proximately caused by the accident. This being so (even if we were impressed that the other injuries were so slight that the damages assessed would be an excessive amount therefor), we find no sufficient reason for disturbing the verdict on the ground of an excessive allowance of damages.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.